IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| IN RE CONAGRA FOODS, INC.<br>SECURITIES LITIGATION | )<br>)<br>) | |
| DAVID P. BERLIEN, on behalf<br>of himself and all others<br>similarly situated, | )<br>)<br>)<br>) | |
| Plaintiff, | ) | 8:05CV292 |
| v. | )<br>) | |
| CONAGRA FOODS, INC., et al., | )<br>) | |
| Defendants. | ) | |
| JOSEPH CALVACCA, individually<br>and on behalf of all others<br>similarly situated, | )<br>)<br>)<br>) | |
| Plaintiff, | ) | 8:05CV318 |
| v. | )<br>) | |
| CONAGRA FOODS, INC., et al., | )<br>) | |
| Defendants. | ) | |
| JAMES M. WOODS, on behalf<br>of himself and all others<br>similarly situated, | )<br>)<br>)<br>) | |
| Plaintiff, | ) | 8:05CV493 |
| v. | )<br>) | |
| CONAGRA FOODS, INC., et al., | )<br>) | ORDER |
| Defendants. | ) | |

This matter is before the Court on the motions of International Fund Management S.A., Luxembourg (International

Fund"), National Elevator Industry Pension Fund ("National Elevator"), and the Sumas Group ("Sumas") for consolidation, appointment as lead plaintiff and approval of selection of lead counsel.  All three motions were filed on August 22, 2005.  This Court has previously ordered the consolidation of these actions (Filing No. 54 in 8:05CV292; Filing No. 33 in 8:05CV318; Filing No. 51 in 8:05CV493).  Now the Court will address the issues of appointing a lead plaintiff and approving the selection of lead counsel.

**Selection of Lead Plaintiff**

In selecting the co-lead plaintiff, Fed. R. Civ. P. 23 provides typicality and adequacy requirements that must be met for a party to be considered for appointment as lead plaintiff.  In addition, the Private Securities Litigation Reform Act ("PSLRA") establishes a rebuttable presumption that "the person or group of persons" which otherwise meets the requirements of Rule 23 that "has the largest financial interest in the relief sought by the class" shall be appointed lead plaintiff.  This presumption may be overcome only upon proof that the presumptively most adequate plaintiff will not fairly and adequately represent the class or is subject to unique defenses.  15 U.S.C. § 78u-4(a)(3)(B)(iii).

Three parties have sought to be named as lead plaintiff:  International Fund, National Elevator and Sumas.  Now

International Fund and National Elevator, (collectively the "Institutional Investor Group"), have elected to jointly prosecute this action against ConAgra and ask the Court to name them collectively as the co-lead plaintiff. Thus, the Court must choose between the Institutional Investor Group and Sumas for the position of lead plaintiff.

The PSLRA instructs courts to appoint as lead plaintiff the investor with the largest financial interest in the relief sought by the class. In this instance, the Institutional Investor Group clearly has a larger financial interest in the relief sought than does Sumas. The Institutional Investor Group bought 555,897 shares between September 18, 2003, and June 7, 2005 (the "Class Period"), and thereby claims losses totaling $2,399,802.16. In comparison, Sumas bought 4,300 shares during the Class Period and claims losses of $12,300.76. Thus, the Institutional Investors Group clearly have the largest financial stake in this litigation. Therefore, a rebuttable presumption exists that the Institutional Investors Group shall be appointed as co-lead plaintiff.

Sumas can rebut this presumption only by proof that the Institutional Investor Group will not fairly and adequately represent the class or is subject to unique defenses. In an effort to rebut this presumption, Sumas asserts that appointment of the Institutional Investors Group as co-lead plaintiff would

-3-

expose "the class to logistical issues that would not arise if the lead plaintiff is not foreign." This bare assertion is ineffectual. Sumas fails to detail any logistical issues which could arise because one of the members of the Institutional Investors Group is foreign. This objection is found to be without merit.

Next, Sumas asserts that one of the members of Institutional Investors Group failed to clearly set forth all of the information necessary in a sworn, signed certification. It is unclear whether a putative lead plaintiff, such as National Elevator, which did not file a complaint, is subject to this requirement. The plain language of the statute states that the sworn, signed certification is to be "filed with the complaint." 15 U.S.C. § 78u-4 (a)(2)(A); *Pirelli Armstrong Tire Corp. Retiree Med. Benefits Trust v. LaBranche & Co.*, 229 F.R.D. 395, 407, 2004 U.S. Dist. LEXIS 9571, at *36, n.18 (S.D.N.Y. 2004). Here, National Elevator has provided sufficient information to allow the Court to analyze its claimed financial interest. This objection is insufficient to overcome the Institutional Investor Group's rebuttable presumption as co-lead plaintiff as the party with the largest financial interest in the class.

### Typicality and Adequacy

Institutional Investors Group fulfills the typicality and adequacy requirements of Rule 23(a). Typicality exists where

the plaintiff's claims arise from the same series of events and are based upon the same legal theories as the claims of all the class members.  It is the generalized nature of the claims asserted which determines whether the class representatives are typical.  The typicality requirement does not require that the claims be identical.

The Institutional Investors Group satisfies the typicality requirement because, like all other class members, it: (1) purchased ConAgra securities during the Class Period at allegedly artificially inflated prices; and (2) suffered damages thereby.  Thus, its claims are typical of those of other class members because its claims arise out of the same course of events.

Adequacy is evaluated by determining that (1) potential conflict between the proposed co-lead plaintiff and the class members is absent, and (2) the class representative has chosen counsel who is qualified, experienced and able to vigorously conduct the proposed litigation.  Here, Institutional Investors Group is an adequate class representative because its interests are clearly aligned with the other class members in vigorously pursuing the claims against the defendants because of the defendants' alleged false statements to the market.  There also is no evidence of any antagonism between Institutional Investors Group and other class members.  Finally, its proposed counsel is

highly qualified, experienced and capable of conducting this complex litigation in a professional manner.  Thus, Institutional Investors Group fulfills both the typicality and adequacy requirements of Rule 23(a).  Therefore, Institutional Investors Group will be appointed as co-lead plaintiff in this action.

**Counsel**

Having appointed Institutional Investors Group as co-lead plaintiff, the Court also will approve its selection of counsel.  The statute states that the lead plaintiff shall, subject to court approval, select and retain counsel to represent the class it seeks to represent.  15 U.S.C. § 78u-4(a)(3)(B)(v).  The lead plaintiff has selected Lerach Coughlin Stoia Geller Rudman & Robbins LLP ("Lerach Coughlin") and Murray, Frank & Sailer LLP to serve as co-lead counsel for the class and Abrahams, Kaslow & Cassman LLP, as liaison counsel.  Lerach Coughlin has experience serving in the role of lead counsel, having been appointed as lead or co-lead counsel in several class actions including *In re Enron Corp., Sec. Litig*., 206 F.R.D. 427 (S.D. Tex. 2002).  Likewise, Murray, Frank & Sailer LLP also is experienced in class action litigation.  The Court approves the selections by the lead plaintiff for lead and liaison counsel.  Accordingly,

IT IS ORDERED:

1) National Elevator and International Fund are appointed co-lead plaintiff for the class;

2) Lerach Coughlin Stoia Geller Rudman & Robbins LLP and Murray, Frank & Sailer LLP are appointed to serve as co-lead counsel for the class;

3) Abrahams, Kaslow & Cassman LLP is appointed as liaison counsel.

DATED this 2nd day of December, 2005.

BY THE COURT:

/s/ Lyle E. Strom
_____
LYLE E. STROM, Senior Judge
United States District Court